UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY L. FLETCHER,<br><br>    Plaintiff,<br><br>    v.<br><br>DOCTOR ERQUIZA,<br><br>    Defendant. | Case No. 16-cv-04423-YGR (PR)<br><br>**ORDER TO SHOW CAUSE** |

    Plaintiff, a state prisoner, has filed a *pro se* complaint under 42 U.S.C. § 1983. He also seeks leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. A review of the complaint reveals that Plaintiff has not exhausted California's prison administrative process, however. The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Ross v. Blake*, 136 S. Ct. 1850, 1856-58 (2016); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." *Id*. at 85. Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. *Id*. at 85-86 (citing *Booth*, 532 U.S. at 734).

    The California Department of Corrections and Rehabilitation ("CDCR") provides that inmates and parolees "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). "Three levels of formal review are provided, and a prisoner exhausts the grievance process when he completes the third level." *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010).

Here, Plaintiff concedes he has not exhausted his administrative remedies. Dkt. 4 at 2.[1] Furthermore, Plaintiff has not presented any extraordinary circumstances which might compel that he be excused from complying with PLRA's exhaustion requirement. *Cf. Booth*, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into section 1997e(a)).

A prisoner must exhaust his administrative remedies for constitutional claims prior to asserting them in a civil rights complaint. 42 U.S.C. § 1997e(a); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). If a prisoner exhausts a claim after bringing it before the court, his subsequent exhaustion cannot excuse his earlier failure to exhaust. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that.") When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d, 1108, 1120 (9th Cir. 2003) *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). However, Plaintiff will be provided one final opportunity to show cause within **twenty-eight (28) days,** why this case should not be dismissed without prejudice for failure to exhaust. Specifically, to avoid dismissal, Plaintiff needs to provide proof that extraordinary circumstances existed in order to excuse him from complying with PLRA's exhaustion requirement. *See e.g., Ross*, 136 S. Ct. at 1859-60 (identifying "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief.") **Failure to reply will result in dismissal without prejudice.**

Plaintiff's request to proceed *in forma pauperis* will be granted in a separate written Order.

IT IS SO ORDERED.

Dated: January 11, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.