UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY L. FLETCHER,

    Plaintiff,

  v.

DOCTOR ERQUIZA,

    Defendant.

Case No. 16-cv-04423-YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On January 11, 2017, the Court reviewed Plaintiff's complaint and ordered him to show cause why this action should not be dismissed without prejudice for failure to exhaust administrative remedies. Dkt. 7. Plaintiff's response to the Court's Order was due on February 8, 2017. That deadline has passed, and Plaintiff has not filed a response. As Plaintiff has not shown that he exhausted his administrative remedies prior to filing suit, this action will be dismissed without prejudice.

**DISCUSSION**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Ross v. Blake*, 136 S. Ct. 1850, 1856-58 (2016); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." *Id.* at 85. Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. *Id.* at 85-86 (citing *Booth*, 532 U.S. at 734).

The plain language of the PLRA requires that prior to filing suit, all "administrative remedies available [must be] exhausted." 42 U.S.C. § 1997e(a). The Ninth Circuit has interpreted 1997e(a) to mean that an action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

In his original complaint, Plaintiff conceded that he had not exhausted his administrative remedies. Dkt. 4 at 2.[1] Furthermore, Plaintiff has not presented any extraordinary circumstances which might compel that he be excused from complying with PLRA's exhaustion requirement. *Cf. Booth*, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into section 1997e(a)).

Unfortunately for Plaintiff, he has not satisfied the exhaustion requirement under *McKinney*. Plaintiff's complaint indicates that he had not exhausted his claims prior to filing this action, and he has failed to respond to the Court's order to show cause by addressing his failure to exhaust. Therefore, the complaint is DISMISSED without prejudice.

## CONCLUSION

The instant action is DISMISSED without prejudice to filing a new complaint in a new case containing claims that have been exhausted through California's prison administrative process.

The Clerk of the Court shall terminate any pending motions and close the file.

IT IS SO ORDERED.

Dated: February 17, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.